<u>26-5098</u>

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## LEAGUE OF UNITED LATIN AMERICAN CITIZENS, ET AL
## PLAINTIFFS-APPELLEES

### v.

## EXECUTIVE OFFICE OF THE PRESIDENT, ET AL
## DEFENDANTS-APPELLEES

---

## JOSE A PEREZ

## MOVANT-APPELLANT

---

## ON APPEAL FROM A JUDGMENT IN A CIVIL CASE
## ENTERED IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

## 1:25-cv-0946-CKK

---

## JOSE A PEREZ'
## <u>MOTION FOR SUMMARY REVERSAL</u>

Jose A Perez  appears in propria persona and respectfully moves the Court for

Summary Reversal . In support thereof he shows:

# I

## THE MOTION FOR SUMMARY DISPOSITION IS PROPERLY BEFORE THE COURT

Appellate Courts are authorized to summarily disposed of cases pursuant to , inter alia, 28 USC 6106[1] , Circuit Rule 34(g) and Fed. R. App. P. 2[2]. Whenever the merits of a case are "so clear" that "plenary briefing, oral argument, and the traditional collegiality of the decisional process would not affect the decision[3]. Circuit Rule 34(g) states that a case on appeal may be summarily disposed of where , as here , there is obvious error.

# II

## THE DISTRICT COURT'S DENIAL OF MR. PEREZ RULE 24(a)(1) INTERVENTION WAS AN ABUSE OF DISCRETION

The DC Court of Appeals reviews the denial of a Rule 24(a)(1) Motion to Intervene for abuse of discretion [4]. That occurs where , as here, the District Court applies the wrong legal standard and relies on clearly erroneous findings of fact [5] .

---

[1] Petite v US , 361 US 529 , FN2 (1960)

[2] Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir.1994)

[3] *See Joshua*, 17 F.3d at 380 (summary disposition is proper "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists"); Sills v. Bureau of Prisons, 761 F.2d 792 (D.C. Cir. 1985) (granting a motion for summary reversal because the merits of the appeal were "clear"); Groendyke Transp., Inc. v. Davis, 406 F.2d 1158 (5th Cir. 1969) (summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case.

[4] Amador County v. U.S. Dep't of the Interior, 772 F.3d 901, 903(D.C. Cir. 2014).

[5] In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C.Cir.2003)

A motion to intervene as of right, in turn, must be timely as "judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.[6]

## III

## THE DISTRICT COURT DENIED
## MR. PEREZ THE RIGHT OF ACCESS TO THE COURTS

Firstly, Federal courts must take judicial notice of the law of the forum (Lex Forum) without pleading or proof[7].

The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution[8]. A mere formal right of access to the courts does not pass constitutional muster[9]. Courts have required that the access be "adequate, effective, and meaningful[10].

## (1)

## MR. PEREZ WAS DENIED HIS COMMON
## LAW RIGHT TO STARE DECISIS , I.E. BINDING PRECEDENTS

---

[6] Karsner v. Lothian, 532 F.3d 876, 886 (D.C. Cir. 2008)
[7] Getty Petroleum Marketing Co. v. Capital Terminal Co., 391 F. 3d 312 (1st Cir-2004) citing Lamar v. Micou, 114 US 218, 223 (1885)); Toney v Burris , 829 F.2d 622 (7th Cir-1987) Saffold v. McGraw-Edison Co., 566 F.2d 621, 623 (8th Cir.1977)
[8] Ryland v. Shapiro, 708 F.2d 967, 971 (5th Cir. 1983) citing *Chambers v. Baltimore & Ohio Railroad,* 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143 (1907)
[9] Ryland v Shapiro, supra.
[10] *Bounds v. Smith,* 430 U.S. 817, 824-825 (1977); *Rudolph v. Locke,* 594 F.2d 1076, 1078 (5th Cir.1979)

Inherent in every judicial decision is a declaration and interpretation of a general principle or rule of law[11]. This declaration of law is authoritative to the extent necessary for the decision, and must be applied in subsequent cases to similarly situated parties[12]. These principles, which form the doctrine of precedent, were well established and well regarded at the time this nation was founded. The Framers of the Constitution considered these principles to derive from the nature of judicial power, and intended that they would limit the judicial power delegated to the courts by Article III of the Constitution.[3]

The denial of a Motion to Intervene is a judicial decision [13]. An Order denying a Motion to Intervene is a "judgment" under Fed. R. Civ. P. 54(a)[14].

Binding precedent[15] is a legal <u>rule</u> or principle, articulated by an <u>appellate</u> <u>court</u>, that must be followed by lower <u>courts</u> within its <u>jurisdiction</u>. Essentially,

---

[11] Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 177-78, 2 L.Ed. 60 (1803).

[12] James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 544, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991); Cohens v. Virginia, 6 Wheat. 264, 399, 5 L.Ed. 257 (1821).

[13] Caterino , et al v. Teamsters Local Union No. 122 , 922 F.2d 37 (1st Cir-1990) (we remanded the case because, without a statement of reasons from the district court, we were unable to perform a meaningful review of that court's action. See Fed.R. Civ.P. 24(a) and (b) (enumerating requirements for intervention). We therefore directed the court to submit an explanation "specify[ing] which intervention requirement, or combination of requirements, it found that appellants have failed to meet" and "its reasons for so finding," Order of the Court, Sept. 24, 1990)

[14] Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 207(1st Cir. 1998) (The district court's denial of a motion for intervention as of right lays the foundation for an immediate appeal) citing Flynn v. Hubbard, 782 F.2d 1084, 1086 (1st Cir. 1986).

[15] https://www.law.cornell.edu/wex/binding_precedent

once an appellate court reviews a case, it will deliver a written opinion. This written opinion will include the court's determination on a question of law. This determination, known as a holding, is binding on all lower courts within the jurisdiction, meaning that lower courts must apply this decision when presented with similar facts. The lower courts are thus bound, or required to follow the legal precedent set by the higher court.

The Framers accepted this understanding of judicial power (sometimes referred to as the declaratory theory of adjudication) and the doctrine of precedent implicit in it.[16]  Hamilton, like Blackstone, recognized that a court "pronounces the law" arising upon the facts of each case.[17]  The Federalist No. 81, at 531 (Alexander Hamilton) (Modern Library ed., 1938).  He explained the law-declaring concept of judicial power in the term, "jurisdiction": "This word is composed of JUS and DICTIO, juris dictio, or a speaking and

---

[16] See Letter from James Madison to Charles Jared Ingersoll (June 25, 1831), reprinted in The Mind of the Founder: Sources of the Political Thought of James Madison 390, 390-93 (Marvin Meyers ed., rev. ed. 1981) (describing the "authoritative force" of "judicial precedents" as stemming from the "obligations arising from judicial expositions of the law on succeeding judges . . .."); James Wilson, II The Works of James Wilson 502 (1967) ("Judicial decisions are the principal and most authentick" proof of what the law is and . . . "every prudent and cautious judge will appreciate them [because] . . . his duty and his business is not to make the law, but to interpret and apply it." Id. See also Christopher Wolfe, The Rise of Modern Judicial Review: From Constitutional Interpretation to Judge-Made Law 74 (1986); David M. O'Brien, Constitutional Law and Politics 73 (1995).

[17] James Wilson agreed: "judicium is quasi juris dictum . . . a judgment is a declaration of the law." II The Works of James Wilson 524 (1967).

pronouncing of the law," id., and concluded that the jurisdiction of appellate courts, as a law-declaring power, is not antagonistic to the fact-finding role of juries. Id. Like Blackstone, he thought that "[t]he courts must declare the sense of the law," and that this fact means courts must exercise "judgment" about what the law is rather than "will" about what it should be. The Federalist No. 78, at 507-08. Like Blackstone, he recognized that this limit on judicial decision-making is a crucial sign of the separation of the legislative and judicial power. Id. at 508. Hamilton concludes that "[t]o avoid an arbitrary discretion in the courts, it is indispensable that they should be bound down by strict rules and precedents, which serve to define and point out their duty in every particular case that comes before them." Id. at 510.[18]

Unfortunately , in order to circumvent the doctrine of stare decisis , i.e. binding precedents , the District Court used  conclusory statements ,

---

[18] Other early authorities confirm the connection between the doctrine of precedent and the separation of powers. See 1 Kent's Commentaries, Lect. XXI at 479: "Those nations, which have adopted the civil law as the main foundation of their own [recognize precedent to a far less degree than our own] . . .. With them the necessity of judiciary independence upon the executive, is not so clearly acknowledged . . .. It has been shown already that this independence requires, in a considerable degree, the acknowledgment of precedential authority."; William Cranch, Preface, 1 Cranch iii (1804): "In a government which is emphatically styled a government of laws, the least possible range ought to be left for the discretion of the judge . . . perhaps nothing conduces more to that object than the publication of reports. Every case decided is a check upon the judge. He can not decide a similar case differently, without strong reasons, which, for his own justification, he will wish to make public."

specifically , it   made   conclusions but did not support the same  with any evidence or reasoning, to wit:

### (a)

### DISTRICT COURT REFUSAL TO FOLLOW
### THE ENGLISH V. DISTRICT OF COLUMBIA PRECEDENT

On March 20th, 2026 , Mr. Perez[19] filed an Amended Motion to Vacate [20] in which he argued that according to DC Court of Appeals' precedent[21] the parties opposing Mr. Perez intervention had to (a) allege and prove that Mr. Perez' intervention would unfairly prejudice them and (b)  the ruling also required that the parties explain how trial proceedings would have been different had Mr. Perez filed his Motion to Intervene prior to October 31st, 2025 , i.e. prior to the date in which the district court entered final judgment. The parties failed or refused to address those issues – the district court failed to consider those issues.

### (b)

### DISTRICT COURT FAILURE
### TO FOLLOW THE REYNOLDS V SIMS

---

[19] The DC and other Circuits  have consistently declared that  Rules 1 , 8(f)[19] and 15(b) , FRCP, require that when reviewing Pro Se complaints they  consider **all filings** before dismissing the same [19].

[20] CM/ECF 250

[21] English v District of Columbia , 643 F. 3d 297 ) (DC Cir-2011) citing Whitbeck v Vital Signs, Inc. 159 F. 3d 1369 (DC Cir-1998)

## RIGHTS TO VOTE AND ELECTION INTEGRITY PRECEDENTS

Secondly, a litigant may proceed pursuant to Rule 24(a)(1) if the Constitution or a statute grants the right[22]. The Rights to vote and to election integrity permit US Citizens to access the courts pursuant to 42 USC 1983 if their rights to vote and election security is threatened[23]. No explanation was provided for the refusal to follow or distinguish the referenced rights.

### (c)

## DISTRICT COURT FAILURE OR REFUSAL TO FOLLOW
## BROWN V. WHOLE FOODS MARKET GROUP

In Brown v Whole Foods Market Group , 789 F. 3d 146 (DC Cir-2015) the Court of Appeals ruled that non-attorney pro se litigants' pleadings and Motions must be considered in Toto – i.e. all filings must be considered before dismissing his claims citing *Richardson v. United States,* 193 F.3d 545, 548 (D.C.Cir.1999). The District Court failed or refused to consider those binding precedents.

### (d)

## THE DISTRICT COURT FAILED OR REFUSED TO
## CONSIDER THE SCAHILL V. DISTRICT OF COLUMBIA AND
## THE COMMERCIAL UNION INSURANCE CO. V. U.S. PRECEDENTS

---

[22] CM/ECF #250 pp 4-5 . Assured Guaranty Corp v Financial Oversight & Management Board , 872 F.3d 57(1st Cir-2017) citing Fed. R. Civ. P. 24(a)(1) – there is no requirement that the statute states that it authorizes intervention as long as it allows the litigant to access the court ; Accord In the Matter of Marin Motor Oil , Inc , 689 F. 2d 445 (3rd Cir- 1984) citing In re Sapolin Paints, Inc., 6 B.R. 582, 583 (Bkrtcy.E.D.N.Y. 1980)

[23] Gamza v Aguirre, 619 F. 2d 449 (5th Cir-1980); Wesberry v Sanders, 376 US 1(1964)

In Scahill v District of Columbia , 909 F. 3d 1177 (DC Cir-2018) The DC Court of Appeals has ruled that a litigant can use Rule 15(d) to amend a claim post judgment citing Matthews v Diaz, 426 US 67 , 75 FN 8 (1976).

In Commercial Union Insurance Co. v U.S., 999 F. 2d 581 (DC Cir-1993) the DC Circuit also ruled that a claim may be amended post judgment pursuant to 28 USC 1653 citing Newman-Green Inc v. Alfonso-Larrain, 490 F.2d 826, 830 (1989) . Neither the parties nor the District Court addressed those cases.

**(e)**

### THE DISTRICT COURT FAILED OR REFUSED <u>TO CONSIDER THE BRANDON V HOLT PRECEDENT</u>

In Brandon v Holt , 469 US 464 FN19 (1985) the US Supreme Court ruled that Rule 15(b), FRCP , may be used to amend a pleading or motion at any time in order to conform to evidence citing  3 J. Moore, Federal Practice ¶ 15.13[2], p. 15-157 (2d ed. 1984) **(amendment to conform to evidence may be made at any time);** *id.,* at 15-168 (Rule 15(b) amendment allowed "so long as the opposing party has not been prejudiced in presenting his ease"); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1491, pp. 453, 454 (1971 ed. and Supp. 1983) **(Rule 15(b) is "intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel");** *ibid.* ("[Courts should interpret [Rule 15(b)] liberally and

9

permit an amendment whenever doing so will effectuate the underlying purpose of the rule"). The District Court failed or refused to follow this precedent.

## IV

## MR. PEREZ IS A US CITIZEN WITH THE UNALIENABLE RIGHTS TO VOTE AND ELECTION INTEGRITY

In Reynolds v Sims , 377 US 533 (1964) the US Supreme Court ruled that US Citizens , like Mr. Perez , have the unalienable Constitutional rights to vote[24] and to election integrity[25].

The Court defined "election integrity" as any system which insures that casted votes  are counted  - specifically it held that the right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government[26].

According to the Court ,  the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise[27].

## V

## THE PURPOSE OF EXECUTIVE ORDER NUMBER 14, 248 SECTION 2(a) WAS TO EFFECTUATE THE MANDATE ISSUED BY REYNOLDS V SIMS

---

[24] Reynolds v Sims , 377 US 533, 554 (1964)  citing *Ex parte Yarbrough,* 110 U. S. 651, (1884)
[25] Reynolds v Sims , 377 US 533, 554 (1964)  citing *United States v. Classic,* 313 U. S. 299, 315 (1941)
[26] Reynolds v Sims , FN 29 supra citing *South v. Peters,* 339 U. S. 276, 279  (1950)
[27] Ibid

The intended purpose of Executive Order Number 14, 248 Section 2(a)[28] is to effectuate the mandate issued by, the US Supreme Court in Reynolds v Sims: *"Free, fair, and honest elections unmarred by fraud, errors, or suspicion are fundamental to maintaining our constitutional Republic. The right of American citizens to have their votes properly counted and tabulated, without illegal dilution, is vital to determining the rightful winner of an election."*

VI

**MR. PEREZ HAS AN UNCONDITIONAL
RIGHT TO INTERVENE PURSUANT TO 24(a)(1)
<u>WITHIN THE MEANING OF THE  FIRST AMENDMENT</u>**

National Parties and their adherents enjoy a constitutionally protected right of political association under the First Amendment,[29]. The same  includes the right  to advance shared beliefs[30]. Any interference with the freedom of a political party or its Presidential Candidate  is simultaneously an interference with the freedom of its adherents.[31]

The District Court October 31st , 2025 is an interference because it wrongly concluded that   Executive Order Number 14, 248 Section 2(a) was an attempt to

---

[28] https://www.presidency.ucsb.edu/documents/executive-order-14248-preserving-and-protecting-the-integrity-american-elections

[29] Democratic Party v Wisconsin , 450 US 107 , 121-122 (1981) citing Sweezy v New Hampshire, 354 US 234, 250 (1957) and Cousins v Wigoda, 419 US 477, 487 (1975)

[30] Ibid

[31] Ibid

legislate as opposed to an exercise of the President's authority pursuant to the 'take Care that the Laws be faithfully executed" as authorized by U.S. Const., Art. II, § 3[32].

Mr. Perez' political party believes that the rights to vote and to election integrity requires ascertaining that only US citizens vote at elections[33].

Any interference with Mr. Perez' federal Constitutional and statutory rights creates a cause of action[34].   Therefore Mr. Perez has an unconditional right to intervene pursuant to Rule 24(a)(1) within the meaning of the First Amendment[35].

## VII

### MR. PEREZ HAS AN UNCONDITIONAL RIGHT TO INTERVENE PURSUANT TO RULE 24(a)(1) WITHIN THE MEANING OF HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO VOTE AND TO ELECTION INTEGRITY

---

[32] Myers v US , 272 US 52 , 163-164 (1926)

[33] Executive Order Number 14, 248 Section 2(a)[33] See also Reynolds v Sims , 377 US 533, 554 (1964)  citing *Ex parte Yarbrough,* 110 U. S. 651, (1884)

[34] Franklin v. Gwinnet County Public Schools n, 503 US 60(1992) , David v Passman, 442 US 228 (1979

[35]  Assured Guaranty Corp v Financial Oversight & Management Board , 872 F.2d 57(1st Cir-2017) The plaintiffs' argument against intervention is largely predicated on their contention that [11 USC] § 1109(b) does not provide an unconditional right to participate in an adversary proceeding. The plaintiffs do, however, also point out that the statute "says nothing about intervention at all." …..we view the rights described in § 1109(b) to be entirely consistent with intervention rights generally. Accordingly, 11 USC  § 1109(b) provides the UCC with an "unconditional right to intervene" in the adversary proceeding. Fed. R. Civ. P. 24(a)(1). Railroad Trainmen v Baltimore & Ohio R. Co. , 331 US 519, 525-526 (1947) Under § 17(11) of the Interstate Commerce Act, as amended by the Transportation Act of 1940, a union duly designated as the representative of employees of a railroad is given an absolute right, within the meaning of Rule 24(a)(1) of the Federal Rules of Civil Procedure, to intervene in a suit brought under § 16(12) to enjoin the railroad and its employees from violating an order of the Interstate Commerce Commission where the injunction sought would prevent the railroad from carrying out a contract with the union and was directed in part against the employees.

The US Supreme Court has ruled that any injury that adversely affects political voting, the most basic of political rights, is sufficiently concrete to provide constitutional standing[36]. The fact that the harm at issue is widely shared does not deprive Congress of constitutional power to authorize its vindication in the federal courts where the harm is concrete[37].     Any interference with Mr. Perez' federal Constitutional and statutory rights creates a cause of action[38].   The District Court October 31st , 2025 is an interference because it wrongly concluded that Executive Order Number 14, 248 Section 2(a) was an attempt to legislate as opposed to an exercise of the President's authority pursuant to the 'take Care that the Laws be faithfully executed as authorized by  U.S. Const.,

Art. II, § 3[39].

 Therefore Mr. Perez has an unconditional right to intervene pursuant to Rule 24(a)(1)  within the meaning of the Rights to Vote and Election integrity[40]. He also

---

[36] FEC v. Akins, 524 US 11, 12 (1998) ; Dep't of Commerce v US House of Representatives , 525 US 316, 331-32 (1999)

[37] Ibid;  While it does not matter how many persons have been injured by the challenged action, the party bringing suit must show that the action injures him in a concrete and personal way, Massachusetts v EPA, 549 US 497 (2007) citing *Baker* v. *Carr*,, 369 US 186 , 204 (1962)

[38] Franklin v. Gwinnet County Public Schools n, 503 US 60(1992) , David v Passman, 442 US 228 (1979

[39] Myers v US , 272 US 52 , 163-164 (1926)

[40] Assured Guaranty Corp v Financial Oversight & Management Board , 872 F.2d 57(1st Cir-2017) supra, Railroad Trainmen v Baltimore & Ohio R. Co. , 331 US 519, 525-526 (1947) , supra

has a private right of action pursuant to the VRA of 1965 "aggrieved person"

Clause [41]

## VIII

## MR. PEREZ' MOTION IS TIMELY

In the District of Columbia intervention may be allowed even after a final

decree where, as here, (a) the Movant is proceeding pursuant to Rule

24(a)(1) , FRCP [42]  (b) the opponents have not alleged and proven  that their

---

[41] 52 U.S.C. § 10302(a) (emphasis added); see also 52 U.S.C. §§ 10302(b)–(c) (discussing proceedings instituted by the "Attorney General or an aggrieved person") City of Mobile v. Bolden, 446 U.S. 55, 60-61 (1980)). Robinson v. Ardoin, 86 F.4th 574, 587–88 (5th Cir. 2023); Mixon v. Ohio, 193 F.3d 389, 406 (6th Cir. 1999); Ala. State Conf. NAACP v. Alabama, 949 F.3d 647, 651–54 (11th Cir. 2020), vacated as moot, 141 S. Ct. 2618 (2021); Johnson v. Interstate Management Co. LL , 849 F. 3d 1093 (DC Cir-2017) citing Morse v Republican Party of Va. , 517 US 186, 232 (1996) citing Chisom v. Roemer, 501 US 380 (1991); Johnson v. De Grandy, 512 US 997(1994)

[42] Acree, et al, v. Republic of Iraq, 370 F. 3d 41 (DC Cir-2004) (Two weeks after the District Court entered its judgment for appellees, the United States filed a motion to intervene ……We hold that the District Court abused its discretion in finding the United States' motion to intervene to be untimely and erred in denying that motion.. Although the United States filed its motion after the District Court had entered its judgment, appellees have asserted no prejudice arising from the intervention.); Accord:  . In Hobson v. Hansen, 44 F.R.D. 18, 21 (D.D.C. 1968) (the D.C. Circuit held appeal in abeyance and remanded to allow district court to consider intervention motions filed during the appeal)); Stallworth v. Monsanto Co., 558 F.2d 257 (5th Cir. 1977), the Fifth Circuit rejected any " 'absolute' measures of timeliness," noting that "whether the request for intervention came before or after the entry of judgment was of limited significance," and focused instead on whether intervention would "prejudice the rights of the existing parties" or "substantially interfere with the orderly processes of the court." Id. at 266)

due process rights were prejudiced[43] ; and (c) if it is necessary to preserve some right which cannot otherwise be protected[44].

None of the parties who opposed Mr. Perez' intervention alleged nor proved that their substantial rights would be unfairly prejudiced. The District Court merely assumed unfair prejudice. Mr. Perez objects to the gross violation of his common Law Adversarial rights:

Justice Ginsburg stated for a unanimous Supreme Court that  :" In our adversarial system of adjudication, we follow the principle of party presentation. As this Court stated in *Greenlaw* v. *United States*, 554 U. S. 237 (2008), "in both civil and criminal cases, in the first instance and on appeal , we rely on the parties to frame the issues for decision and **assign to courts the role of neutral arbiter of matters the parties present**."[45]

---

[43] Acree, et al, v. Republic of Iraq, supra

[44] Hodgson , et al v United Mine Workers of America, 473 F. 2d 118  citing  Wolpe v. Poretsky, 144 F. 2d 505, 508 cet. denied 323 US 777(1944) ;   3B J. Moo(DC Cir-1972) re. Federal Practice ¶ 14.13 [1] at 24-522 (2d ed. 1969)

[45] US v. Sineneng-Smith, 590 US 371(2020) ; Carducci v. Regan, 714 F.2d 171, 177 (D.C. Cir. 1983).After all, " [t]he premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." ; Jeffrey M. Anderson, The Principle of Party Presentation, 70 Buff. L. Rev. 1029 (2022)
https://digitalcommons.law.buffalo.edu/buffalolawreview/vol70/iss3/2

Additionally , in the District of Columbia Circuit[46] , the **parties** are required to show : (a) how the trial proceedings would have been different had Mr. Perez filed his Motion prior to October 31st, 2025, [47] (b) also how their substantial rights would have been unfairly prejudiced by Mr. Perez' Intervention[48]. The District Court's failure to adhere to these binding precedents constitutes an abuse of discretion[49].

## CONCLUSION

A "manifest error" is defined as "wholesale disregard, misapplication, or failure to recognize controlling precedent[50]. A manifest error constitutes an abuse of discretion [51]. The same occurs where , as here, the District Court applies the wrong legal standard and relies on clearly erroneous findings of fact[52] .

---

[46] English v. District of Columbia, 643 F. 3d 297 (DC Cir-2011) citing Whitbeck v. Vital Signs, Inc. , 159 F. 3d 1369 (DC Cir-1998)

[47] Ibid

[48] Ibid

[49] *Linder v. Dept. of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) citing Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137, 142 (2d Cir. 1997)

[50] *In Re August, 1993 Regular Grand Jury,* 854 F. Supp. 1403, 1407 (S.D.Ind.1994).

[51] Amador County v. U.S. Dep't of the Interior, 772 F.3d 901, 903(D.C. Cir. 2014).

[52] In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C.Cir.2003)

WHEREFORE ,    For the reasons identified hereinabove, Mr. Perez

respectfully submits that his Rule 24(a)(1) intervention ought to be allowed.

Respectfully Submitted.

_____

Jose A. Perez
307 Lakeside Drive
North Augusta, SC 29841
917-817-6104
theaesculapius@gmail.com

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was emailed  to all counsel on

this 14th   day of April  2026 by the District Of Columbia CM/EC

_____

Jose A Perez

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This document complies with the type-volume limit of FRAP 32 (a)(7)(B)Fed. The word limit of FRAP 5(c)(1) because, excluding the parts of the document exempted by FRAP 32(f)  this document contains **4546 words**.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it is using Times Roman Font Size 14.

Jose A. Perez

April 14th, 2026
Date

# APPENDIX

# DISCLOSURE STATEMENT

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: _DC Cir_

Short Caption: _League of United Latin Am. Cit, et al v. Executive Off of The President et al_

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

**[  ]    PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

_Jose A. Perez in propria persona_

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

_N/A_

(3)    If the party, amicus or intervenor is a corporation:    _N/A_

   i)    Identify all its parent corporations, if any; and

   ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

_N/A_

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:    _N/A_

Attorney's Signature: _____    Date: _4/14/2026_

Attorney's Printed Name: _Jose A. Perez in proper_

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes _✓_    No _____

Address: _307 Lakeside Dr_
_North Augusta, SC 29841_

Phone Number: _917-817-6104_    Fax Number: _None_

E-Mail Address: _Ghaaesculapius@gmail.com_

rev. 12/19 AK

American LegalNet, Inc.
www.FormsWorkFlow.com