**Case No. 26-5098**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

LEAGUE OF UNITED LATIN
AMERICAN CITIZENS, *et al.*,

              *Plaintiffs-Appellees*,

    v.

EXECUTIVE OFFICE OF THE
PRESIDENT, *et al.*,

              *Defendants-Appellants*,

JOSE A. PEREZ,

              *Movant-Appellant*.

Case No. 26-5098

**LEAGUE AND LULAC PLAINTIFFS-APPELLEES' RESPONSE IN
OPPOSITION TO MOTION OF JOSE A. PEREZ FOR SUMMARY
REVERSAL, AND PLAINTIFFS-APPELLEES CROSS-MOTION FOR
SUMMARY AFFIRMANCE**

The League[1] and LULAC[2] Plaintiffs-Appellees respectfully request that the Court deny the April 14, 2026 motion of Jose A. Perez for summary reversal of the District Court's denial of his motion to intervene. Dkt. 246. Plaintiffs-Appellees respectfully request that the Court grant their cross-motion for summary affirmance of the District Court's denial of Mr. Perez's motion.

The Court should summarily dispose of Mr. Perez's appeal because the District Court did not abuse its discretion when it determined that Mr. Perez's post-final judgment motion to intervene under Fed. R. Civ. P. 24 was untimely, and that his motion did not otherwise make a showing warranting intervention. Dkt. 247, at 2.

## ARGUMENT

"[M]otions for summary disposition will be granted where the merits of the appeal or petition for review are so clear that plenary briefing, oral argument, and the traditional collegiality of the decisional process would not affect [the Court's] decision." *Cascade Broad. Grp. Ltd. v. FCC*, 822 F.2d 1172, 1174 (D.C. Cir. 1987) (citation and quotations omitted). "Parties are encouraged to file such motions where

---

[1] League Appellees are the League of Women Voters Education Fund, League of Women Voters of the United States, League of Women Voters of Arizona, Hispanic Federation, National Association for the Advancement of Colored People, OCA-Asian Pacific American Advocates, and Asian and Pacific Islander American Vote.
[2] LULAC Appellees are the League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association.

a sound basis exists for summary disposition." D.C. Cir. Handbook of Prac. & Internal Procs., § VIII.G.

Summary affirmance is appropriate here. Intervention, whether as of right or permissive, requires, among other things, a "timely motion." Fed. R. Civ. P. 24(a)–(b). Whether a motion to intervene is timely "is to be determined by the [district] court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." *NAACP v. New York*, 413 U.S. 345, 366 (1973); *see also United States v. Brit. Am. Tobacco Austl. Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006) ("We review the District Court's denial of intervention for untimeliness under the abuse of discretion standard."). If a motion to intervene is not timely, "there is no need for the court to address the other factors that enter into an intervention analysis." *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (citing *NAACP v. New York,* 413 U.S. at 369).

Under this lenient standard, this Court has repeatedly granted summary affirmance of district court denials of motions to intervene for untimeliness. *See, e.g.*, *SEC v. Sec. Inv. Prot. Corp.*, No. 12-5304, 2013 WL 1164306, at *1 (D.C. Cir. Mar. 12, 2013) (granting summary affirmance where "[a]ppellant has not shown that the district court erred in denying his untimely motion to intervene"); *Stewart v. Rubin*, 124 F.3d 1309 (D.C. Cir. 1997) (Table Op.) (granting summary affirmance

3

because "the district court did not abuse its discretion in finding that the motion to intervene . . . was untimely").

Mr. Perez sought to intervene for the purpose of defending Section 2(a) of Executive Order 14,248 ("Executive Order"). Dkt. 237, at 8–9. He did not file his motion to intervene, however, until February 3, 2026. This was more than three months after the District Court had already granted final judgment after full merits briefing on Plaintiffs-Appellees' challenge to Section 2(a) of the Executive Order and permanently enjoined its enforcement on October 31, 2025. Dkt. 217; *see League of United Latin Am. Citizens v. Exec. Off. of the President*, 808 F. Supp. 3d 29 (D.D.C. 2025). The District Court issued this final judgment following its grant of a preliminary injunction on Section 2(a) on April 24, 2025, after full briefing and a hearing during which no intervention was sought. Dkt. 103; *see League of United Latin Am. Citizens v. Exec. Off. of the President*, 780 F. Supp. 3d 135 (D.D.C. 2025) (granting preliminary injunction against Section 2(a)).

As the District Court correctly found, "Mr. Perez had ample opportunity to move to intervene prior to final judgment, and allowing intervention now would prejudice the parties by requiring costly relitigation of complex issues that the Court has already decided. Accordingly, his motion is untimely." Dkt. 247, at 2; *see Acree v. Republic of Iraq*, 370 F.3d 41, 49 (D.C. Cir. 2004) ("Courts are generally reluctant to permit intervention after a suit has proceeded to final judgment, particularly where

the applicant had the opportunity to intervene prior to judgment."), *abrogated on other grounds by, Republic of Iraq v. Beaty*, 556 U.S. 848 (2009); *Herman*, 166 F.3d at 1257 (noting the "presumption that post-judgment motions to intervene will be denied.").

The District Court also correctly noted that Mr. Perez lacks any statutory right to third-party intervention in this matter, and that Mr. Perez's asserted interests have been adequately represented in this case by the Federal Defendants and the Defendant-Intervenor. Dkt. 247, at 2. Both sets of defendants continue to defend Section 2(a) of the Executive Order on their appeal to this Court.

In sum, "[t]he merits of the parties' positions are so clear as to warrant summary action." *W. Coal Traffic League v. Surface Transp. Bd.*, No. 23-1272, 2024 WL 718727 (D.C. Cir. Feb., 21, 2024) (per curiam) (citing *Cascade Broad. Grp.*, 822 F.2d at 1174.[3]

## CONCLUSION

For the foregoing reasons, League and LULAC Plaintiffs-Appellees request that the Court deny Mr. Perez's motion for summary reversal of the District Court's denial of his motion to intervene, and instead grant their cross-motion for summary affirmance of the District Court's denial of Mr. Perez's motion.

---

[3] The League and LULAC Plaintiffs would take no position on the filing of an amicus brief by Mr. Perez.

Dated: April 24, 2026

Wendy R. Weiser
Eliza Sweren-Becker
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
(646) 292-8310
weiserw@brennan.law.nyu.edu
sweren-beckere@brennan.law.nyu.edu

Miranda Galindo
LATINO JUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
mgalindo@latinojustice.org

Niyati Shah
Alizeh Ahmad
ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, D.C. 20036
(202) 296-2300
nshah@advancingjustice-aajc.org
aahmad@advancingjustice-aajc.org

Michael Perloff
Scott Michelman
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF THE
DISTRICT OF COLUMBIA
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800

Respectfully submitted,

*/s/ Leah C. Aden*
Leah C. Aden
John S. Cusick
Brenda Wright
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org
jcusick@naacpldf.org
bwright@naacpldf.org

Sophia Lin Lakin
Ethan Herenstein
Jonathan Topaz
Clayton Pierce
Davin Rosborough
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
eherenstein@aclu.org
jtopaz@aclu.org
cpierce@aclu.org
drosborough@aclu.org

Sarah Brannon
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20001

6

mperloff@acludc.org
smichelman@acludc.org

*Counsel for League Appellees*

Pooja Chaudhuri (D.C. Bar No. 888314523)
Sofia Fernandez Gold (D.C. Bar No. 90010196)
Jacob Kovacs-Goodman (D.C. Bar No. 90032363)
Norman L. Eisen (D.C. Bar No. 435051)
Tianna J. Mays (D.C. Bar No. 90005882)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
pooja@democracydefenders.org
sofia@democracydefenders.org
jacob@democracydefenders.org
norman@democracydefenders.org
tianna@democracydefenders.org

*Counsel for LULAC Appellees*

(740) 632-0671
sbrannon@aclu.org
acepedaderieux@aclu.org

*/s/ Danielle Lang*
Danielle Lang (D.C. Bar No. 1500218)
Anna M. Baldwin (D.C. Bar No. 998713)
Jonathan Diaz (D.C. Bar No. 1613558)
Heather Szilagyi (D.C. Bar No. 90006787)
Benjamin Phillips (D.C. Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 950 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

*/s/ Leah C. Aden*
Leah C. Aden

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Leah C. Aden*
Leah C. Aden

*Counsel for Plaintiffs-Appellees*