<u>26-5098</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

LEAGUE OF UNITED LATIN AMERICAN CITIZENS , ET AL
Plaintiffs-Appellees

v.

EXECUTIVE OFFICE OF THE PRESIDENT , ET AL
Defendants-Appellees

---

JOSE A PEREZ
MOVANT - APPELLANT

---

**JOSE A PEREZ' REPLY TO
THE LEAGUE AND LULAC'S RESPONSE IN
OPPOSITION TO MOTION OF JOSE A PEREZ FOR
SUMMARY REVERSAL AND PLAINTIFFS-APPELLEES
<u>CROSS MOTION FOR SUMMARY AFFIRMANCE</u>**

On April 24th, 2026 , the League and LULAC responded to Mr. Perez' Motion

For Summary Reversal and they also submitted their own Cross Motion For

Summary Affirmance[1]. Mr. Perez will show hereinbelow that the League and

---

[1] Document #2170450

1

LULAC's either waived their right to oppose Mr. Perez' Motion or conceded Mr. Perez' arguments.

I

## INTRODUCTION

In his initial Rule 24(c)[2] pleading , Mr. Perez alleged that the District Court Order was void within the meaning of Rule 60(b)(4).[3] . A Rule 60(b)(4) Motion is the proper mechanism to attack void judgments[4]. Motions pursuant to Rule 60(b)(4) must be made within a year after the entry of the judgment[5] being challenged.

LULAC, et al are claiming that they have a right to the ruling in League of United Latin Am. Citizens v. Exec Off. Of the President , 780 F. Supp. 3d 135 (DCDC-2025) and that Mr. Perez' effort to vacate or reverse the same would cause them prejudice[6]. Mr. Perez objects.

II

## A VOID JUDGMENT IS A LEGAL NULLITY WHICH MAY BE ATTACKED EVEN AFTER JUDGMENT BECOMES FINAL

---

[2] A Rule24(c) Pleading is necessary in order to place the other parties on notice of the movant's position, claim, and relief sought by the intervenor , WJA Realty LTD Partnership v. Nelson, 708 F.2d 1268(SD Fla-1989) citing *Spring Construction Co., Inc. v. Harris,* 614 F.2d 374, 377 (4th Cir.1980).

[3] CM/ECF #237 @ pp 11-14

[4] Austin v Smith , 312 F.2d 337 (DC Cir-1962) citing 3 Barron & Holtzoff, Federal Practice and Procedure § 1327 (1958).

[5] Coney Island Auto Parts Unlimited v. Burton, 146 S.Ct. 579 (2026)

[6] Document #2170450 @ page 4

The US Supreme Court has ruled that (a) A void judgment is a legal nullity , i.e. a fundamental infirmity [7]. (b) and the infirmity may be challenged even after the void judgment becomes final[8].

## III

## THE EXECUTIVE ORDER WAS AUTHORIZED BY ARTICLE II, SECTION 3 – THE TAKE CARE CLAUSE

Mr. Perez' assertion is premised upon the fact[9] that Federal courts must take judicial notice of the law of the forum (Lex Forum) without pleading or proof[10]. Assuming , arguendo, that the maxim is still valid then Mr. Perez questioned the reason the District Court chose to ignore or disregard the history and case law concerning Article II – the take care clause - of the U.S. Constitution .

There was no explanation as to the reason the Court did not consider the fact that the Office of the President was implementing the right to vote and election integrity as declared by Reynolds v Sims, 377 US 533, 554-561(1964).

No discussion was provided as to the reason that preventing election fraud is not a salutary regulation providing a benefit within the meaning of the US Constitution preamble and Article II. No explanation was provided for

---

[7] United Student Aid Funds, Inc , v. Espinoza, 559 US 250 (2010) citing Black's Law Dictionary 1822 (3d ed. 1933);

[8] Ibid citing Restatement (Second) of Judgments 22 (1980); see generally *id.,* §12.

[9] CM/ECF #237 @ pp 11-14

[10] Getty Petroleum Marketing Co. v. Capital Terminal Co., 391 F. 3d 312 (1st Cir-2004) citing Lamar v. Micou, 114 US 218, 223 (1885)); Toney v Burris , 829 F.2d 622 (7th Cir-1987) Saffold v. McGraw-Edison Co., 566 F.2d 621, 623 (8th Cir.1977)

3

"concluding" that implementing a US Supreme Court Mandate constituted "unauthorized legislating in the field of federal elections"[11]

The US Supreme Court has declared that Article II of the Constitution contemplated vesting general executive power in the President alone[12]. Laws are often passed with specific provision for the adoption of regulations by a department or bureau head to make the law workable and effective[13]. The ability and judgment manifested by the official thus empowered, as well as his energy and stimulation of his subordinates, are subjects which the President must consider and supervise in his administrative control[14].

The Take Care Clause places a duty upon the President to ensure that the laws passed by Congress are enforced[15]. It grants the executive office discretion in how it executes these laws, so long as it stays within the bounds of the laws defined by Congress[16]. This necessarily includes some ability to interpret the laws passed by Congress[17].

Mr. Perez challenged the parties and the District Court to identify the difference between the holding in Reynolds v Sims, 377 US 533, 554-561(1964) and

---

[11] CM/ECF Document 218  Page 2
[12] Myers v. US , 272 US 52, 135(1926)
[13] Ibid
[14] Ibid
[15] The Original Meaning of the Take Care Clause, 20 The Georgetown Journal of Law and Public Policy 805, 818-819 (2022)
[16] Ibid
[17] Ibid

Executive Order Number 14, 248 Section 2(a) . Specifically, to describe how the EO departs from the <u>Sims</u>, supra, mandate. They failed or refused to discuss the issue. LULAC et al have waived or conceded the issues because arguments are waived if the parties use perfunctory, undeveloped arguments, and arguments that are unsupported by pertinent authority.[18] .

## IV

### PREJUDICE WITHIN THE MEANING OF RULE 24 MEANS "UNFAIR PREJUDICE" AS DEFINED BY RULE 403, FRE

The Law as identified hereinabove authorizes Mr. Perez to try to vacate or reverse <u>League of United Latin Am. Citizens v. Exec Off. Of the President</u> , 780 F. Supp. 3d 135 (DCDC-2025). Therefore , the proper evidentiary standard for the prejudice suggested by Rule 24 must be "unfair prejudice"[19] as described by Rule 403, FRE.

There were no District Court findings that Mr. Perez' intervention would "unfairly prejudice" LULAC, et al within the meaning of FRE Rule 403. The District Court assumed facts not in evidence. The US Supreme Court has ruled that[20] : Rule 403 provides that a district court may exclude relevant evidence if, among other things, "its probative value is substantially outweighed by the danger

---

[18] Bradley v. Village of University Park, supra citing Puffer v. Allstate Ins. Co., 675 F.3d 709, 718–19 (7th Cir. 2012)

[19] Document 01218840570 @ page 15

[20] Old Chief v. U.S. , 519 US 172, 193 (1997)

of unfair prejudice." Certainly, Rule 403 does not permit the court to exclude evidence simply because it may hurt LULAC, et al. . As a threshold matter, evidence is excludable only if it is "unfairly" prejudicial, in that it has "an undue tendency to suggest decision on an improper basis." [21] Unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair[22] .

Furthermore , Mr. Perez adamantly but respectfully stress that in <u>Acree, et al, v. Republic of Iraq</u>, 370 F. 3d 41 (DC Cir-2004) the DC Court of Appeals stated that two weeks after the District Court entered its judgment for appellees, the United States filed a motion to intervene ……We hold that the District Court abused its discretion in finding the United States' motion to intervene to be untimely and erred in denying that motion.. Although the United States filed its motion after the District Court had entered its judgment, **<u>appellees have asserted no prejudice arising from the intervention</u>**.[23] LULAC et al have waived or conceded the issues

---

[21] Ibid citing Advisory Committee's Note on Fed. Rule Evid. 403, 28 U. S. C. App., p. 860; see, *e. g., United States* v. *Munoz,* 36 F.3d 1229, 1233 (CA1 1994) ("The damage done to the defense is not a basis for exclusion; the question under Rule 403 is 'one of "unfair" prejudice-not of prejudice alone'")

[22] Ibid

[23] . In Hobson v. Hansen, 44 F.R.D. 18, 21 (D.D.C. 1968) (the D.C. Circuit held appeal in abeyance and remanded to allow district court to consider intervention motions filed during the appeal));

because arguments are waived if the parties use perfunctory, undeveloped arguments, and arguments that are unsupported by pertinent authority.[24]

Mr. Perez also argued in his Motion for Summary Reversal that he has an unconditional right to intervene pursuant to Rule 24(a)(1), FRCP because the Constitution and a statute provide an unconditional right to participate in any adversary proceeding[25]. Specifically , Mr. Perez has the right to access the court either (a) directly from the Constitution if his right to vote or to election integrity are in jeopardy [26] or pursuant to the VRA Statute's aggrieved person's clause[27]. The Plaintiffs-Appellants totally ignored that issue. . A Litigant waives or concedes an argument when it fails to respond and address his opponents' arguments.[28]

**V**

**THE PLAINTIFFS-APPELLESS DID NOT ,
AND COULD NOT, REBUT THE FACT
THAT THE DISTRICT COURT DEPRIVED MR. PEREZ OF
HIS COMMON LAW RIGHT TO AN OPINION WHICH CREATED
<u>PRECEDENT AND WHICH RELIED UPON BINDING PRECEDENTS</u>**

---

[24] Bradley v. Village of University Park, supra citing Puffer v. Allstate Ins. Co., 675 F.3d 709, 718–19 (7th Cir. 2012)

[25] Assured Guaranty Corp v Financial Oversight & Management Board , 872 F.2d 57(1st Cir-2017) citing In re Caldor Corp., <u>303 F.3d 161</u>, 166 (2d Cir. 2002) and In re Marin Motor Oil, Inc., <u>689 F.2d 445</u> (3d Cir. 1982)).

[26] LaRouche, et al v. Fowler, et al , 152 F.3d 974) (DC Cir-1998) citing Eu v. S.F. County Cent. Comm., 489 US 214 (1989); Wesberry v Sanders , 376 US 1 (1964) Accord : Gamza v Aguirre, 619 F. 2d 449 (5th Cir-1980)

[27] Ibid citing Morse v. Republican Party of Va., , 517 US 186, 193-194 (1996)

[28] Bradley v. Village of University Park, supra citing Webb v. Frawley, 906 F.3d 569, 582 (7th Cir-2018)

In his Motion For Summary Reversal Mr. Perez argued that DC Circuit precedent[29] requires the parties (a) to plea and prove that Mr. Perez' intervention would have unfairly prejudiced LULAC, et al 's substantial rights and (b) to explain how trial proceedings would have been different had Mr. Perez filed his Motion to Intervene prior to October 31st, 2025[30]. In their Motion , The Plaintiffs-Appellants totally ignored those issues. A Litigant waives or concedes an argument when it fails to respond and address his opponents' arguments.[31]

### CONCLUSION

For the reasons stated hereinabove the relief sought by Intervenor Perez ought to be granted. LULAC , et al 's Motion For Summary Affirmance ought to be denied.

Respectfully Submitted

Jose A. Perez
307 Lakeside Drive
North Augusta, SC 29841
917-817-6104
theaesculapius@gmail.com

---

[29] English v District of Columbia, 643 F. 3d 297(DC Cir-2011) citing Whitbeck v Vital Signs , Inc , 159 F.3d 1369(DC Cir-1998) and Rule 61 , FRCP
[30] Ibid
[31] Bradley v. Village of University Park, supra citing Webb v. Frawley, 906 F.3d 569, 582 (7th Cir-2018)

## CERTIFICATE OF SERVICE

It is hereby certified that on April 26th, 2026   a true and correct copy of

the foregoing  document was served upon all counsel using the First Circuit

CM/ECF System.

_____

Jose A. Perez

## CERTIFICATE OF COMPLIANCE

1- Certificate of Compliance with Type-Volume Limit, Typeface Requirements,

and Type-Style Requirements

2-     This document complies with the type-volume limit of FRAP 32

(a)(7)(B)Fed. The word limit of FRAP 5(c)(1) because, excluding the parts

of the document exempted by FRAP 32(f)  this document contains 1945

words.

3-     This document complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)

because it is using Times Roman Font Size 14.

_____

Jose A. Perez

_April 26th, 2026_____