<u>26-5098</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

LEAGUE OF UNITED LATIN AMERICAN CITIZENS , ET AL
Plaintiffs-Appellees

v.

EXECUTIVE OFFICE OF THE PRESIDENT , ET AL
Defendants-Appellees

---

JOSE A PEREZ
MOVANT - APPELLANT

---

**JOSE A PEREZ' REPLY TO
THE FEDERAL DEFENDANTS' OPPOSITION
TO MOTION OF JOSE A PEREZ FOR
SUMMARY REVERSAL AND DEFENDANTS-APPELLEES
<u>CROSS MOTION FOR SUMMARY AFFIRMANCE</u>**

On May 4th , 2026 , the Federal Defendants-Appellees responded to Mr. Perez'

Motion For Summary Reversal and they also submitted their own Cross Motion

For Summary Affirmance[1].  Mr. Perez will show hereinbelow that the Federal

---

[1] Document #2171789

1

Defendants either waived their right to oppose Mr. Perez' Motion or conceded Mr.

Perez' arguments.

I

## A RULE 7(b) MOTION AND A RULE 24(c)<br>PLEADING MAY BE AMENDED AT ANY TIME

A Rule 24(c) Pleading is not a Pleading within the meaning of Rule 7(a)[2]. A

Rule 7(b) Motion may be amended at any time[3].

II

## RULE 15(b) ALLOWS A LITIGANT TO AMEND MOTIONS AT ANY TIME

In <u>Brandon v Holt</u> , 469 US 464 FN19 (1985) the US Supreme Court ruled that Rule Civ.

Proc. 15(b) allow Rule 7(b) motions to be amended at any time[4]. It also ruled that Rule 15(b)

is "intended to promote the objective of deciding cases on their merits rather than in terms of

the relative pleading skills of counsel[5]. This ruling greatly helps Mr. Perez who is a non

attorney pro se litigant.

III

## LITIGANTS MAY AMEND THEIR POST JUDGMENT<br>MOTIONS PURSUANT TO EITHER RULE 15(d) OR 28 USC 1653

---

[2] Sheesly v. Saint Paul Fire & Marine Insurance Co, 239 FRD 404, 412 (WD Pa-2006) ; Bishop of Charleston, et al v. Adams, 2:21-cv-1093 (SD South Carolina-2021)

[3] Smith v. Blackledge, 451 F.2d 1201 FN 2 (4th Cir-1971) citing 3 Moore, Federal Practice (2d ed.) If 15.07 [2] at 851-52; 6 Wright, Federal Practice and Procedure §§ 1475, 1483.

[4] 3 J. Moore, Federal Practice ¶ 15.13[2], p. 15-157 (2d ed. 1984) (**amendment to conform to evidence may be made at any time**); *id.,* at 15-168 (Rule 15(b) amendment allowed "so long as the opposing party has not been prejudiced in presenting his ease");

[5] Citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1491, pp. 453, 454 (1971 ed. and Supp. 1983)

Litigants are permitted to Amend their Motions post judgment pursuant to ,

Rule 15(d)[6] and/or 28 USC 1653 [7] thereby allowing the Courts to dispose of their

claims on their merits.

## IV

## (a)

## MR. PEREZ' MOTION TO INTERVENE IS TIMELY

## (1)

## RULE 60(b)(4)

In his initial Rule 24(c)[8] pleading , Mr. Perez alleged that the District Court

Order was void within the meaning of Rule 60(b)(4).[9] . A Rule 60(b)(4) Motion is

the proper mechanism to attack void judgments[10]. Motions pursuant to Rule

60(b)(4) are timely if made within a year after the entry of the judgment[11] being

challenged.

---

[6] Scahill v District of Columbia , 909 F. 3d 1177 (DC Cir-2018) citing *Mathews v Diaz, 426 US 67, 75 (1976)*

[7] Commercial Union Insurance Co. v US , 999 F.2d 581 (DC Cir-1993) citing *Newman-Green, Inc. v. Alfonzo-Larrain,490 US 826, 830 (1989)*

[8] A Rule24(c) Pleading is necessary in order to place the other parties on notice of the movant's position, claim, and relief sought by the intervenor , WJA Realty LTD Partnership v. Nelson, 708 F.2d 1268(SD Fla-1989) citing *Spring Construction Co., Inc. v. Harris,* 614 F.2d 374, 377 (4th Cir.1980).

[9] CM/ECF #237 @ pp 11-14

[10] Austin v Smith , 312 F.2d 337 (DC Cir-1962) citing 3 Barron & Holtzoff, Federal Practice and Procedure § 1327 (1958).

[11] Coney Island Auto Parts Unlimited v. Burton, 146 S.Ct. 579 (2026)

The US Supreme Court has ruled that (a) a void judgment is a legal nullity , i.e. a fundamental infirmity [12]. (b) and the infirmity may be challenged even after the void judgment becomes final[13].

Rule 60(b)(4) applies , where as here, there is a violation of due process rights that deprives a party of the opportunity to be heard."[14] Relying upon binding precedent[15] Mr. Perez argued that post judgments Motion to Intervene are timely if the opposing parties fail or refuse to allege and prove prejudice[16] . The parties opposing Mr. Perez' intervention failed or refused to allege and prove prejudice. A Litigant waives or concedes an argument when it fails to respond and address his opponents' arguments.[17]

## (2)

## RULE 60(d)(1)

Mr. Perez also has the right to proceed pursuant to Rule 60(d)(1) which applies , where, as here, there is a violation of due process rights that deprives a

---

[12] United Student Aid Funds, Inc , v. Espinoza, 559 US 250 (2010) citing Black's Law Dictionary 1822 (3d ed. 1933);

[13] Ibid citing Restatement (Second) of Judgments 22 (1980); see generally *id.,* §12.

[14] United States v Teague , 24-2178 (10th Cir-2025) citing United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

[15] English v District of Columbia, 643 F. 3d 297(DC Cir-2011) citing Whitbeck v Vital Signs , Inc , 159 F.3d 1369(DC Cir-1998) and Rule 61 , FRCP; See also Acree, et al, v. Republic of Iraq, 370 F. 3d 41 (DC Cir-2004) ; Hobson v. Hansen, 44 F.R.D. 18, 21 (D.D.C. 1968)

[16] Acree, et al, v. Republic of Iraq, 370 F. 3d 41 (DC Cir-2004) ; In Hobson v. Hansen, 44 F.R.D. 18, 21 (D.D.C. 1968) (the D.C. Circuit held appeal in abeyance and remanded to allow district court to consider intervention motions filed during the appeal));

[17] Bradley v. Village of University Park, supra citing Webb v. Frawley, 906 F.3d 569, 582 (7th Cir-2018)

party of the opportunity to be heard."[18]  It also use to correct fundamental errors similar to the former Common Law remedy known as Coram Nobis [19]  Mr. Perez incorporates herein the argument used to support Rule 60(b)(4) ante.

V

## MR PEREZ HAS AMPLY DEMONSTRATED A CONSTITUTIONAL AND STATUTORY RIGHT TO INTERVENE

Mr. Perez argued in his Motion for Summary Reversal that he has an unconditional  right to intervene pursuant to Rule 24(a)(1), FRCP because the Constitution and a statute provide an unconditional right to participate in any adversary proceeding[20] . Specifically , Mr. Perez has the right to access the court either (a)  directly from the Constitution if his right to vote or to election integrity are in jeopardy [21] or pursuant to the VRA Statute's aggrieved person's clause[22].

Even though Appellate Rule 27(b) requires , inter alia, that the Federal Defendants identify the legal basis for opposing the referenced argument,  they failed or refused to do so. The Federal Defendants have waived or conceded the

---

[18] United States v Teague , 24-2178 (10th Cir-2025) citing United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

[19] United States v Denedo , 556 US 904 (2009) citing US v Morgan, 346 US 502, 513 (1954)

[20] Assured Guaranty Corp v Financial Oversight & Management Board , 872 F.2d 57(1st Cir-2017)  citing In re Caldor Corp., 303 F.3d 161, 166 (2d Cir. 2002) and  In re Marin Motor Oil, Inc., 689 F.2d 445 (3d Cir. 1982)).

[21] LaRouche, et al v. Fowler, et al , 152 F.3d 974) (DC Cir-1998) citing Eu v. S.F. County Cent. Comm., 489 US 214 (1989); Wesberry v Sanders , 376 US 1 (1964) Accord : Gamza v Aguirre, 619 F. 2d 449 (5th Cir-1980)

[22] Ibid citing Morse v. Republican Party of Va., , 517 US 186, 193-194 (1996)

issues because arguments are waived if the parties use perfunctory, undeveloped arguments, and arguments that are unsupported by pertinent authority.[23]

## VI

## **THE GOVERNMENT'S REPRESENTATION IS INADEQUATE**

1- Firstly , it is the Plaintiffs/Appellees responsibility to allege and prove that the government representation is adequate [24]. They failed or refused to do so.

2- The Federal Defendants did not, and could not , argue that Mr. Perez does not have a right to seek relief different than extant defendants Please see Town of Chester v. Laroe Estates, Inc , 581 US 433 (2017) Third Party intervenors may seek relief different than extant Defendants .

3- In assessing the adequacy of the government's representation, the Appellate Panel must consider several factors, (1) whether the Secretary will undoubtedly make all of the intervenor's arguments, (2) whether the Secretary is capable of and willing to make such arguments[25], and (3)

---

[23] Bradley v. Village of University Park, supra citing Puffer v. Allstate Ins. Co., 675 F.3d 709, 718–19 (7th Cir. 2012)

[24] Caterino, et al, v. Barry, et al , 922 F.2d 37 FN4 (1st Cir-1990) citing SEC v Dresser, et al , 628 F. 2d 1368, 1390 (DC Cir-1980) citing Nuesse v. Camp, 385 F.2d 694, 702 (D.C. Cir. 1967).

[25] Conservation Law Foundation of New England, Inc v. Mosbacher, Intervenor , 966 F. 2d 39 (1st Cir-1992) (As the opinion in *Dimond v. District of Columbia,* 792 F.2d 179, 192-93 (D.C.Cir. 1986), pointed out, a governmental entity charged by law with representing the public interest of its citizens might shirk its duty were it to advance the narrower interest of a private entity. In that instance, the agency might find itself in a conflict of *\*45* interest. See *National Farm Lines v. Interstate Commerce Comm'n,* 564 F.2d 381, 384 (10th Cir.1977), where the Court concluded that an agency seeking to protect both the public interest and the interest of a private intervenor undertakes a "task which is on its face impossible)

whether the intervenor offers a necessary element to the proceedings that would be neglected[26].

4- A movant who seeks to intervene on the same side as a governmental litigant has only a "minimal burden" to establish inadequacy of representation and the question whether another party's representation is "adequate" should rarely tip the scales against intervention[27].

5- Case Law provides that Rule 24(a) Intervenors' "interests need not be wholly 'adverse' before there is a basis for concluding that existing representation of a 'different' interest may be inadequate.[28]

6- Case Law also provides that even when Rule24(a) intervenors shared general agreement it does not necessarily ensure agreement in all particular respects, [29] and "the tactical similarity of the present legal contentions of the parties does not assure adequacy of representation or necessarily preclude the intervenor from the opportunity to appear in his own behalf,[30]

---

[26] Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525 (9th Cir-1983) citing County of Fresno v. Andrus, 622 F. 2d 436, 438 (9th Cir-1980)

[27] United Guaranty Residential Insurance of Iowa, et al v. Philadelphia Savings Fund Society et al , 819 F. 2d 473 (1st Cir-1987) Accord Nuesse v Camp 385 F. 2d 694, 700 (DC Cir-1967) Smuck v Hobson, 408 F. 2d 175, 179-180 (DC Cir-1969)(en banc) nor Trbovich v. United Mine Workers of Am., 404 U.S. 528 (1972),

[28] Nuesse v Camp , 385 F. 2d 694 , 703 (DC Cir-1967)

[29] Natural Resources Defense Council , et al, v Costle, et al , 561 F.2d 904 (DC Cir-1977)

[30] Nuesse , supra, 385 F. 2d @ 703

7-        Case Law also provides that the right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard[31].

---

[31] Hodgson , et al v United Mine Workers of America, 473 F. 2d 118 (DC Cir-1972)

## CONCLUSION

For the reasons stated hereinabove the relief sought by Intervenor Perez ought to be granted. The Federal Defendant's Motion For Summary Affirmance ought to be denied.

Respectfully Submitted

Jose A. Perez
307 Lakeside Drive
North Augusta, SC 29841
917-817-6104
theaesculapius@gmail.com

## **CERTIFICATE OF SERVICE**

It is hereby certified that on May 5th, 2026 , 2026   a true and correct copy of the foregoing  document was served upon all counsel using the First Circuit CM/ECF System.

Jose A. Perez

## **CERTIFICATE OF COMPLIANCE**

1- Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

2-    This document complies with the type-volume limit of FRAP 32 (a)(7)(B)Fed. The word limit of FRAP 5(c)(1) because, excluding the parts of the document exempted by FRAP 32(f)  this document contains 2055 words.

3-    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it is using Times Roman Font Size 14.

Jose A. Perez

May 5th, 2026